IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KYLE HAMAR ) | |
| ) | |
| VS. ) | 3-04-CV-1109-AH |
| ) | |
| ASHLAND, INC. and AIR PRODUCTS ) | |
| and CHEMICALS, INC. ) | |

MEMORANDUM OPINION AND ORDER

Pursuant to the written consents of the parties and the District Court's order of transfer of August 3, 2004, came on to be considered Defendant Ashland Inc. (Ashland)'s motion for summary judgment filed on July 1, 2005, and Defendant Air Products and Chemicals, Inc. (Air Products)'s motion for summary judgment filed on the same date together with Plaintiff's responses, Defendants' replies and the respective appendices submitted as well as the statements and arguments of counsel presented on March 31, 2006,[1] and the court finds and orders as follows:

**I.   FACTUAL BACKGROUND**

Plaintiff Kyle Hamar was employed as the Laboratory Manager by the Electronic Chemicals Division of Defendant Ashland, Inc. at Dallas in early October 2002 when he sustained injuries to his ankles and feet in an automobile accident. As a result of his injuries Hamar was hospitalized for surgery. Following a period of recuperation Hamar asked the plant manager, Robert Moore, if he could return to work in January 2003 although he would be confined to a wheelchair. Moore did not acquiesce in Hamar's requests over the following months, but after he was given a medical release to work without any restrictions on July 1, 2003, Plaintiff returned to the employ of Ashland in the position of Audit Lead shortly thereafter. In the interim while Hamar was off work, Moore

---

[1] The court orally granted Plaintiff's motions filed on August 16, 2005, and February 8, 2006, respectively, but limited to the case law cited in the motions.

promoted Asrat Desta to the position of Laboratory Manager at the Dallas facility.

Ashland sold the Electronic Chemicals Division to Defendant Air Products and Chemicals, Inc., and on August 29, 2003, Hamar's employment with Ashland and that of all other employees at the Dallas facility of the Electronic Chemicals Division ended. Thereafter Air Products, utilizing a list of personnel and positions provided by Ashland, hired most of Ashland's former employees but Plaintiff was not hired because Air Products had no position designated as Audit Lead or any other vacant positions to be filled.

On September 10, 2003, Hamar filed a complaint with the Equal Employment Opportunity Commission alleging that he was discharged as an employee as a result of having been perceived as having a disability in violation of the Americans With Disabilities Act (ADA). Both Ashland and Air Products were identified as the offending employers. On April 20, 2004, the District Director of the EEOC issued the agency's determination that the evidence did not establish a violation of the ADA and right-to-sue letter. Hamar in turn timely filed his complaint in this action brought under the ADA.

## II.   LEGAL ANALYSIS

### A.   Summary Judgment - Standard of Review

To prevail on a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catreet, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10 (1986). The materiality of facts is determined by substantive law. Anderson, 477 U.S. at 248, 106 S.Ct. at 2510. An issue is "material" if it involves a fact that might affect the outcome of the suit

under governing law. See Burgos v. Southwestern Bell Telephone Co., 20 F.3d 633, 635 (5th Cir. 1994). Once the moving party has made an initial showing, the party opposing the motion for summary judgment may not merely rely on his pleadings, but must come forward with competent evidentiary materials that establish a genuine fact issue. Anderson v. Liberty Lobby, Inc., 477 U.S. at 256-257, 106 S.Ct. at 2514; see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56 (1986). Neither conclusory allegations nor hearsay statements are competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the opponent's claim. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). The court must resolve any factual controversies in favor of the non-moving party. Richter v. Merchants Fast Motor Lines, Inc., 83 F.3d 96, 98 (5th Cir. 1996). Thus, in reviewing all of the evidence, the court must consider it in a light most favorable to Mr. Hamar's claims, drawing all factual inferences therefrom and making all credibility determinations related therefrom in his favor. However, summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

    **B.**    **Defendants' Stated Grounds in Support of Their Motions for Summary Judgment**

        **1.**    **Failure to exhaust administrative remedies**

In his complaint filed in this action Hamar alleged that Ashland failed to accommodate his alleged disability by refusing to permit him to return to his former position as

Laboratory Manager. See Plaintiff's Original Complaint at ¶ IV. Ashland moves to dismiss this cause of action alleging that Hamar failed to exhaust administrative remedies.

Given the fact that the ADA incorporates the "powers, remedies and procedures" of Title VII, See 42 U.S.C. § 12117 (a), there can be no doubt that a person seeking relief in federal court on a claim of discrimination predicated on the provisions of the ADA must first present his claims to the EEOC and obtain a right-to-sue letter in the event that the alleged grievances are not resolved at the administrative level. Although the parties have not identified any Fifth Circuit case which addresses the exhaustion requirement in the context of an ADA case, it is settled law in this Circuit that a plaintiff in a Title VII case cannot raise grounds for relief in a federal case which were not presented in an administrative complaint filed with the EEOC. See e.g. Tolbert v. United States, 916 U.S. 245, 247 (5th Cir. 1990). In addressing the exhaustion issue a court looks to the scope of the EEOC investigation, if undertaken, which can reasonably be expected to grow out of the charge of discrimination. See Clark v. Kraft Foods, Inc., 18 F.3d 1278, 1279 (5th Cir. 1994); see also Clemmer v. Enron Corp., 882 F.Supp. 606, 610 (S.D. Tex. 1995). ("The reasonable limits of an EEOC investigation have been held to include ... claims which arise as a reasonable consequence of the claims alleged in the EEOC charge."). No issue is joined as to whether the same requirement and standards do not equally apply to an action brought under the ADA.

Plaintiff's EEOC complaint alleges only that he was discriminated against by reason of his termination on August 29, 2003, and that that date was the only one on which he experienced discrimination. See Defendant Ashland's Appendix at 77. Although Hamar's opposition to Ashland's motion for summary judgment does not address the substance of Ashland's failure to exhaust argument, at the hearing his counsel argued that had his EEOC complaint been properly

4

investigated, the EEOC would have learned of Ashland's failure to accommodate his perceived disabilities when he sought to return to work in January 2003 until he returned to work on or about July 7th of that year.

Plaintiff's argument is unavailing. The record shows that following the filing of Plaintiff's EEOC complaint the agency sent a letter of inquiry to Ashland with respect to the complaint. Ashland sent a response to the letter addressing each request, after which the EEOC served its determination letter finding no violation of the ADA. See Ashland's Appendix at Tab G, 71-85 (EEOC's administrative file). Ashland's response related the fact that all of its employees at the Dallas facility, including Plaintiff, were terminated effective on August 29, 2003, due to the sale of the Electronic Chemicals Division to Air Products. Id. at 80, ¶ 7. It is undisputed that Hamar returned to work on or about July 7, 2003, and remained as a part of Ashland's work force until August 29th. In light of the fact that the termination of its former employees applied to all, the EEOC reasonably concluded that Hamar's termination did not violate provisions of the ADA.

Further, Hamar's EEOC complaint is wholly silent as to any conduct in which Ashland engaged prior to August 29, 2003. Id. at 77. In addition his complaint identifies only a single discrete incident of alleged discrimination. Given the parameters of his written complaint, investigation into matters which occurred prior to August 29th were not in fact or as a matter of law within the scope of the EEOC complaint. Under circumstances in which the EEOC complaint was almost identical to that of Hamar's, including a single non-recurring alleged act of discrimination, the Sixth Circuit held that the plaintiff's failure to accommodate her disability claim was not administratively exhausted. See Jones v. Summer Retirement Village, 209 F.3d 851-853-4 (6th Cir. 2000). The only other circuits which have addressed the failure to exhaust issue in the context of

5

ADA actions have reached similar conclusions. See Green v. National Steel Corp., Midwest Div., 197 F.3d 894, 897-98 (7th Cir. 1999); McKenzie v. City and County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005) (citing with approval Jones v. Summer Retirement Village, supra); see also Belmear v. Mary Kay Inc. ___ F.Supp.2d ___, 2000 WL 127282 at *3 (N.D. Tex. 2000).[2] Therefore, Ashland is entitled to summary judgment dismissing Plaintiff's complaint.

### 2. **Plaintiff has failed to establish a prima facie case demonstrating a failure to accommodate.**

Moreover, and in the alternative, Plaintiff's evidence in opposition to Defendant's motion for summary judgment fails to present a prima facie case that his impairments were not accommodated. In order to establish a claim predicated on an employer's failure to accommodate an employee's disabilities under the ADA, a plaintiff must show that he had an impairment which meets the ADA definition of a disability. See e.g. Talk v. Delta Airlines, 165 F.3d 1021, 1024 (5th Cir. 1999); Waldrip v. General Electric Co., 325 F.3d 652, 654 (5th Cir. 2003). Further, the EEOC's interpretive guideline (29 C.F.R. Pt. 1630, App.) excludes temporary, non-chronic impairments such as broken extremities from the definition of the term "disability." In Rogers v. International Marine Terminals, Inc., 87 F.3d 755, 758 (5th Cir. 1996), the Court affirmed summary judgment in an employer's favor finding that the plaintiff's ankle impairment, which required surgery to correct the condition and which resulted in an extended leave of absence from his employment, did not

---

[2] The courts in Jones, supra, 209 F.3d at 854 and n. 1 and Green, supra, 197 F.3d at 898, held that the elements of a termination or disparate treatment claim brought under the ADA are separate and distinct from those in a failure to accommodate claim, which further supports Ashland's argument that Plaintiff's failure to accommodate claim, alleged in his original complaint, could not have reasonably been expected to have grown out of his EEOC termination complaint.

constitute a disability within the purview of the ADA.

In the present case it is undisputed that Hamar returned to work in July 2003 following the car accident in which he was involved in October of the preceding year. There is no evidence that he was not able to perform the functions of Lead Audit, the position to which he was assigned during the remainder of his employment with Ashland. Notwithstanding the contents of his affidavit filed with his opposition, Plaintiff's Appendix, Tab 7 ¶¶ 4-7, his deposition testimony given in this case, , Ashland's Appendix at Tab A, unequivocally establishes that the residual impairments from his October 2002 accident do not qualify as a "disability" as that term is defined under the ADA.

### 3. Basis for successor liability against Defendant Air Products.

In its separate motion for summary judgment Air Products asserts that it cannot be held liable for any damages allegedly suffered by Plaintiff as a result of conduct which occurred during his employment with Ashland. As a general rule a successor entity which engaged in no wrongful conduct is not responsible for the sins, so to speak, of its predecessor. See Rojas v. TK Communications, Inc., 87 F.3d 745, 749-50 (5th Cir. 1996). In Rojas the Court adopted the nine factors set out in EEOC v. MacMillan Bloedel Containers, Inc., 503 F.2d 1086, 1094 (6th Cir. 1974), in determining whether successor liability should be imposed. The Court proceeded to absolve the successor entity of liability in light of the fact that the predecessor was "still a viable entity," a result of which is wholly consistent with the Supreme Court's decision in Howard Johnson Co. v. Detroit Local Joint Executive Board, 417 U.S. 249, 257, 94 S.Ct. 2236 (1974) (denying successor liability where the predecessor entities remained in existence as viable corporate entities). Although Ashland's Dallas facility was sold to Air Products, it is undisputed that Ashland continues to exist and has more than adequate resources with which to satisfy an adverse judgment.

### 4. **Plaintiff's claims against Air Products.**

Air Products also seeks summary judgment on Plaintiff's ADA claim predicated on the conduct of Air Products, itself. As related above, the employment of all workers at Ashland's Dallas facility terminated on August 29, 2003.

42 U.S.C. § 12111(8) provides in pertinent part that:

> The term "qualified immunity with a disability" means an individual with a disability who ... can perform the essential functions of the employment position that such individual ... <u>desires</u>. (Emphasis added).

Obviously a <u>sine qua non</u> of a failure to hire claim is that the person seeking relief under the Act applied for a position of employment. It is undisputed that Hamar never submitted an employment application to Air Products. <u>See</u> Air Products' Appendix at 18 and 22. He did relate that he obtained the name of Vince Kraft from an employee of Ashland and that he left a voice message for Mr. Kraft and sent an e-mail to him on August 18, 2003 (<u>See</u> Plaintiff's Appendix in Opposition to Air Products' motion at 2 and 11), but that he never received a response. Air Products has presented uncontroverted evidence that Kraft was not a person responsible for job applications or employment inquiries. <u>See</u> Air Products' Appendix at 50, ¶ 6. There is no evidence that Air Products ever considered Plaintiff for employment in any position that was available. Likewise there is no evidence that Air Products was aware of or considered any residual impairments which he may have had as a result of the car accident. Again, as related above, there exists no evidence that his impairments met the ADA's definition of "disability." Therefore, Plaintiff has failed to demonstrate the existence of any genuine issues of fact with respect to his claim that Air Products violated the

8

ADA in failing to hire him.[3]

### 5. **Plaintiff's state law claim for tortious interference with prospective employment**.

Hamar concedes that he cannot prevail on this claim absent a showing that Ashland's conduct "would be actionable under a recognized tort." See Wal-Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, at 713 and 726 (Tex. 2001). For the reasons set out above, he cannot satisfy this element. Further, he has proffered nothing save his own subjective belief that any actionable statements were made by an agent or employee of Ashland to anyone responsible for hiring employees by Air Products. In this regard statements made to a prospective employer are qualifiedly privileged, absent a plaintiff's clear and convincing proof that statements were made with actual malice. See Burch v. Coca-Cola Co., 119 F.3d 305, 323-325 (5th Cir. 1997) and Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 313 (5th Cir. 1995).

**IT IS, THEREFORE, ORDERED** that Defendant Ashland, Inc.'s and Defendant Air Products and Chemicals, Inc.'s motions for summary judgment are granted.

SIGNED this 12th day of April, 2006.

_Wm. F. Sanderson, Jr._
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] It is highly questionable as to whether Hamar administratively exhausted his failure to hire claim against Air Products since his formal complaint only alleged a wrongful termination, he never filed an amended EEOC complaint alleging a refusal to hire, and Air Products never received notice of the charge from the EEOC, but See Air Products' Appendix at 55.